**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

SHERRI L. LIERENZ and )
JOHN W. LIERENZ, )
                                  )
      Plaintiffs, )
                                  )     C. A. No. N13C-12-187 JRJ
      v. )
                                    )
EVERETT NELSON MCCALL, SR, )
                                    )
      Defendant. )
                                    )

## ORDER

**AND NOW TO WIT**, this 10th day of April, 2015, **IT IS HEREBY ORDERED THAT** the Plaintiffs' Motion to Recover Costs of Court-Ordered Mediation as "Costs Accrued" when Accepting Offer of Judgment Pursuant to Rule 68 is **DENIED** for the following reasons:

1. On February 15, 2012, Plaintiffs Sherri and John Lierenz ("Plaintiffs") and Defendant Everett McCall, Sr., engaged in mandatory court-ordered alternative dispute resolution pursuant to Superior Court Civil Rule 16. Negotiations continued with the mediator via email communications and teleconferences until January 8, 2015.

2. Defendant made an offer of judgment, pursuant to Rule 68, for a sum certain, plus ordinary court costs on January 8, 2015. On January 14, 2015, Plaintiffs accepted the offer of judgment, together with the following costs: Lexis-

Nexis Court link filing fees; Certified Judgment, Voluntary Assessment Center; and Superior Court Mediator's Fee.

3. Defendant refused to reimburse Plaintiffs for Plaintiffs' portion of the mediator's fee because the mediation agreement provides that the fee is to be divided equally between both sides. Plaintiffs now seek an order awarding them the mediator's fee against Defendant. Plaintiffs argue that mediators' fees in court-ordered compulsory mediations should be deemed reasonable and necessary costs recoverable to a party accepting an offer of judgment pursuant to Rule 68.

4. Pursuant to Rule 16, court-ordered alternative dispute resolution is compulsory.[1] Rule 16(b) provides that, "[t]he parties shall pay the ADR Practitioner in accordance with the allocation and amount of fees established by the ADR Practitioner and agreed to by the parties or ordered by the Court."[2]

5. Traditionally, parties split mediators' fees, and Delaware Courts have been reluctant to disturb this practice.[3] However, Delaware Courts have allowed the recovery of mediation fees when the jury awarded no damages to the plaintiff or the jury awarded an amount greater than the defendant's offer of judgment.[4]

---

[1] Super. Ct. Civ. R. 16.
[2] *Id.*
[3] *Reinke v. Furbush*, 2011 WL 7063367, at *2 (Del. Super. 2011); *Kuratle Contracting, Inc. v. Linden Green Condo., Ass'n*, 2014 WL 5391291, at *10 (Del. Super. 2014).
[4] *See West. v. Maxwell*, 2001 WL 789654 (Del. Super. 2001) (reimbursed prevailing plaintiff for the cost of two court-ordered mediations following a verdict in excess of the defendant's offer of judgment); *Spencer v. Wal-Mart Stores E., LP*, 2007 WL 4577579, at *3 (Del. Super. 2007); *Cooke v. Murphy*, 2013 WL 6916941, at *6 (Del. Super. 2013) *aff'd*, 99 A.3d 226 (Del. 2014).

2

For example, in *Baird v. Owczarek*, the trial judge awarded mediation fees to the defendant, the prevailing party, because the mediation failed, the parties negotiated in good faith during mediation and the plaintiff did not accept the offer, the mediator's fee was reasonable, and the jury awarded no damages to the plaintiff.[5]

6. Here, the mediation agreement signed by Plaintiffs and Defendant provides that the mediator's fee is to be divided equally between both sides. The Court finds no reason to disturb this equitable division.

**IT IS SO ORDERED**.

_____
Jan R. Jurden, President Judge

---

[5] *Baird v. Owczarek*, 2013 WL 4721375 (Del. Super. 2013) *rev'd on other grounds*, 93 A.3d 1222 (Del. 2014).

3